**In re Cynthia A. REID, Debtor.**

**No. 02–34592.**

United States Bankruptcy Court, W.D. Kentucky.

Nov. 6, 2008.

308

John Baxter Schilling, Louisville, KY, for Plaintiff.

William Koehler, Louisville, KY, for Defendant.

### MEMORANDUM–OPINION

JOAN A. LLOYD, Bankruptcy Judge.

This matter came before the Court on the Motion to Pay Trustee's Attorney Fees and Expenses of Trustee J. Baxter Schilling ("Trustee"). The Court considered the Motion of the Trustee, the Objection to Trustee's Motion to Pay Trustee's Attorney Fees of Debtor, Cynthia Reid ("Debtor") and comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Trustee's Motion. An Order accompanies this Memorandum–Opinion.

### PROCEDURAL BACKGROUND

On August 9, 2002, Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On October 14, 2005, the Court entered an Order granting the Trustee's Motion to Employ himself as attorney for the Trustee and the Estate. The Order provided that attorney J. Baxter Schilling ("Schilling"), would be compensated "in such amounts as may be allowed by the court upon proper application or application therefore".

On January 1, 2005, Trustee filed an adversary proceeding against Debtor seeking revocation of Debtor's discharge pursuant to 11 U.S.C. § 727. After a trial on the merits, the Court entered a Memorandum–Opinion and Judgment in favor of the Debtor. The Judgment was affirmed by the United States District Court on June 7, 2007 and the proceeding was closed.

In January 2008, the Trustee requested an evidentiary hearing to determine claims made against the proceeds of the sale of real estate owned by the bankruptcy estate. Following substantial discovery and pre-hearing preparation, an evidentiary

hearing was held on June 3, 2008. The Court entered an Order on the hearing on June 9, 2008.

On August 14, 2008, Schilling filed his Application for Compensation for September 16, 2005 to August 14, 2008, seeking $59,498.50 in fees and $1,787.25 in expenses.

On September 4, 2008, Debtor filed an Objection to Schilling's Application. A hearing was held on the Application and the matter was taken under advisement by the Court.

### LEGAL ANALYSIS

Trustee seeks an order approving his application for payment of legal fees and expenses rendered by his attorney during the course of this Chapter 7 case and the accompanying adversary proceeding against the Debtor. Debtor contends the work was not necessary nor beneficial to the estate. Debtor also contends Trustee delayed in administering the case and that the fee sought is excessive.

The Trustee's fee application is well supported by a detailed itemization of the extensive work performed on the matters in accordance with 11 U.S.C. § 330. The Application fully meets Trustee's burden of proof in showing that most of the work performed and the fees requested were reasonable, necessary and beneficial to the estate.

The Court is very familiar with Schilling's skill level, experience and the rate charged by comparable professionals in this jurisdiction. The Court finds that the extensive nature of the work performed was, in part, caused by Debtor's failure to cooperate during the administration of the case. Thus, any claims by Debtor regarding delay in administration of the case are without merit. Under the appropriate lodestar analysis for determining counsel's fee application the Court finds that some time entries in May 2006 and 2007 on the post-trial brief, the appellate brief to the district court and the reply brief are excessive.

In May 2006, Schilling spent 6.50 hours on the post-trial brief. The Court finds 4 hours to be a reasonable amount of time considering the amount of time on pre-trial filings and trial preparation needed in this case. The time spent in the latter part of 2006 and early 2007 on the district court brief and the reply brief totals 53.30 hours. The Court finds that a reasonable amount of time on these tasks would have been about 30 hours for the appellate and reply briefs. The Court also finds that the time charged by Schilling in 2008 for preparation of the evidentiary hearing regarding litigation with the Debtor and other claimants on the sale proceeds of the real estate in Green County is excessive. Many entries include ministerial tasks that could have been performed by a paralegal such as the preparation of subpoenas and digesting of depositions. The time billed for these tasks totals 17.60 hours, which the Court will reduce by 50% to 8.8 hours.

The above referenced deductions result in a total deduction of 62.10 hours. The hourly rate for Schilling in 2006 was $230 per hour, in 2007 it was $240 per hour and $250 per hour in 2008. This results in a deduction of $8,367 (2 × 2.5 @ $230 = $575; 23.30 × $240 = $5,592; and 8.8 × $250 = $2,200) on the requested legal fees. The total fee awarded is $51,131.50 plus expenses of $1,787.25.

### CONCLUSION

For all of the above reasons, the Motion to Pay Trustee's Attorney Fees and Expenses of Trustee, J. Baxter Schilling is **GRANTED IN PART AND DENIED IN PART.** An order incorporating the find-

310

ings herein accompanies this Memorandum–Opinion.

### ORDER

Pursuant to the Memorandum–Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Trustee shall pay to J. Baxter Schilling as an attorney fee for all hourly rate legal services performed for the estate from September 16, 2005 through August 14, 2008 the sum of $51,131.50 and shall reimburse J. Baxter Schilling the sum of $1,787.25 for all expenses advanced or a total sum of $52,918.75, which payment shall be classified as a cost of administration.